**PHILLIPS DAYES LAW GROUP PC**
**ATTORNEYS AT LAW**
**Suite 1500**
**3101 North Central Avenue**
**Phoenix, Arizona 85012**
**(602) 258-8900**
minute_entries@phillipslaw.com

Trey Dayes (AZ Bar # 020805)
treyd@phillipsdayeslaw.com
Dawn M. Sauer (AZ Bar # 030271)
dawns@phillipsdayeslaw.com
John L. Collins (AZ Bar # 030351)
johnc@phillipsdayeslaw.com
Sean Davis (AZ Bar #030754)
seand@phillipsdayeslaw.com
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Borges, a single man; Michael Castleberry, a single man; Anthony Encinas, a single man; Thomas Harrell, a single man; Joseph Valenzuela, a single man; Michael Verastegui, a single man; Victor Verastegui, a married man; | Case No.: |
| | **COMPLAINT** |
| | **JURY DEMAND** |
| Plaintiffs, | |
| vs. | |
| Dependable Medical Transport Services, L.L.C. an Arizona limited liability company; DMTS, L.L.C., an Arizona limited liability company; Three Man Transport, L.L.C., an Arizona limited liability company, Gibbs Investments, L.L.C., an Arizona limited liability company; Gibbs Investment Trust; Richard A. Ganley and Jane Doe Ganley, husband and wife; William H. Gibbs and Sandra Gibbs, husband and wife, | |
| Defendants. | |

Plaintiffs Jason Borges, Michael Castleberry, Anthony Encinas,  Thomas Harrell, Joseph Valenzuela, Michael Verastegui and Victor Verastegui  ("Plaintiffs"), on behalf of themselves for their Complaint against Defendants Dependable Medical Transport Services, L.L.C. an Arizona limited liability company; DMTS, L.L.C., an Arizona limited liability company; Three Man Transport, L.L.C., an Arizona limited liability company, Gibbs Investments, L.L.C., an Arizona limited liability company; Gibbs Investment Trust; Richard A. Ganley and Jane Doe Ganley, husband and wife; and William H. Gibbs and Jane Doe Gibbs, husband and wife, allege as follows:

## <u>NATURE OF THE CASE</u>

1.      The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

2.      Employers must compensate employees for all work that employers permit employees to perform. See 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. Id.

3.      Plaintiffs bring this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and specifically the overtime provision of the Act found at §207(a).

4.      For at least three (3) years prior to the filing of this action, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5.      For at least three (3) years prior to the filing of this action, Plaintiffs worked at least five to ten (5-10) hours in excess of forty (40) hours per week and was not paid time and a half.

6.      Plaintiffs are informed and believe, and thereon alleges, that at all times mentioned herein, each Defendant was the agent of each of the remaining Defendants, and that in doing the acts hereinafter set forth, each Defendant was acting within the course and scope of that agency, with the knowledge and consent and/or ratification of each of the remaining Defendants.

7.      Plaintiffs seek to recover unpaid overtime compensation, overpayment of employment tax compensation,  and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

9.      Venue is proper under 28 U.S.C. §1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

10.     The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives,

as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## **PARTIES**

11.     At all times material hereto, Plaintiffs were and continue to be residents of Maricopa County, Arizona.

12.     At all times material hereto, Dependable Medical Transport Services, LLC was incorporated in the State of Arizona and has its principal place of business at 2237 North 36th Street, Phoenix, Arizona 85008.

13.     At all times material hereto, DMTS, LLC was incorporated in the State of Arizona and has its principal place of business at 2237 North 36th Street, Phoenix, Arizona 85008.

14.     At all times material hereto, Three Man Transport, LLC was incorporated in the State of Arizona and has its principal place of business at 2237 North 36th Street, Phoenix, Arizona 85008.

15.     At all times material hereto, Gibbs Investment, LLC was incorporated in the State of Arizona and has its principal place of business at 6385 East Royal Palm Road, Paradise Valley, Arizona 85253.

16.     Defendant DMTS, LLC is the sole member of Defendant Dependant Medical Transport Services, LLC.

17.     Defendants Richard Ganley and Three Man Transport LLC are the sole members of Defendant DMTS, LLC.

18.     Defendants Richard Ganley, Gibbs Investments LLC, and Gibbs Investment Trust are the member of Three Man Transport LLC.

19.     Defendant Gibbs is the sole member of Defendants Gibbs Investments LLC and Gibbs Investment Trust.

20.     Upon information and belief, Defendants Richard Ganley and William Gibbs are the day to day owners of Defendant Medical Transport Services L.L.C. and made all managerial and ownership decisions and behalf of the L.L.C.

21.     Upon information and belief, at all times material hereto, Defendant Richard Ganley was and continues to be a resident of Maricopa County, Arizona.

22.     Upon information and belief, at all times material hereto, Defendant William Gibbs was and continues to be a resident of Maricopa County, Arizona.

23.     Jane Doe Ganley is the fictitious name for Richard Ganley's wife.  When her true name has been ascertained, this Complaint shall be amended accordingly. Richard and Jane Doe Ganley have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

24.     Sandra Gibbs is William Gibbs' wife.  William and Sandra Gibbs have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

25.     At all relevant times, Plaintiffs were "employees" of Dependable Medical Transport Services, as defined by 29 U.S.C. §203(e)(1).

26.     The provisions set forth in 29 U.S.C § 206 and § 207, respectively, of the FLSA apply to Dependable Medical Transport Services.

27.     At all relevant times, Dependable Medical Transport Services was and continues to be an employer as defined in 29 U.S.C. § 203(d).

28.     On information and belief, Defendants DMTS, L.L.C., Three Man Transport, L.L.C., Gibbs Investments, L.L.C., Gibbs Investment Trust; Richard A. Ganley and William H. Gibbs are deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216, and are co-equally liable with Defendant Dependable Medical Transport Services for all matters.

29.     At all times material to this action, Dependable Medical Transport Services was and is an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

30.     Upon information and belief, at all relevant times, the annual gross revenue of Dependable Medical Transport Services exceeded $500,000.00.

## FACTUAL BACKGROUND

31.     Dependable Medical Transport Services specializes in transportation of the elderly and other individuals who cannot provide their own transport in non-emergency situations.

32.     Dependable Medical Transport Services provides the following services to its clientele/patients: Ambulatory Transports; Wheelchair Transports; Stretcher Transports; Hospice Transports and Oxygen Delivery.

33.     Dependable Medical Transport Services hired Plaintiff Jason Borges as a non-exempt piece rate paid driver from approximately February 1, 2013 through November 20, 2013.

34.     Dependable Medical Transport Services paid Plaintiff Jason Borges on a per run/delivery basis during his employment.

35.     Plaintiff Jason Borges was required to work a set schedule, consisting of 12-16 hour days.

36.     As a driver for Dependable Medical Transport Services, Plaintiff Jason Borges would transport patients from one location to another, typically from a medical establishment (i.e. hospital) to a patient's home or other locale.

37.     Dependable Medical Transport Services hired Plaintiff Michael Castleberry as a non-exempt piece rate paid driver from approximately August 2012 through October 2013.

38.     Dependable Medical Transport Services paid Plaintiff Michael Castleberry on a per run/delivery basis during his employment.

39.     Plaintiff Michael Castleberry was required to work a set schedule, consisting of 12-16 hour days.

40.     As a driver for Dependable Medical Transport Services, Plaintiff Michael Castleberry would transport patients from one location to another, typically from a medical establishment (i.e. hospital) to a patient's home or other locale.

41.     Dependable Medical Transport Services hired Plaintiff Anthony Encinas as a non-exempt piece rate paid driver from approximately April 30, 2013 through January 15, 2014.

42.     Dependable Medical Transport Services paid Plaintiff Anthony Encinas on a per run/delivery basis during his employment.

43.     Plaintiff Anthony Encinas was required to work a set schedule, consisting of 12-

1   16 hour days.

2       44.    As a driver for Dependable Medical Transport Services, Plaintiff Anthony

3   Encinas would transport patients from one location to another, typically from a medical

4   establishment (i.e. hospital) to a patient's home or other locale.

5       45.    Dependable Medical Transport Services hired Plaintiff Thomas Harrell as a non-

6   exempt piece rate paid driver from approximately May 15, 2008 through February 15, 2013.

7       46.    Dependable Medical Transport Services paid Plaintiff Thomas Harrell on a per

8   run/delivery basis during his employment.

9       47.    Plaintiff Thomas Harrell was required to work a set schedule, consisting of 12-16

10   hour days.

11       48.    As a driver for Dependable Medical Transport Services, Plaintiff Thomas Harrell

12   would transport patients from one location to another, typically from a medical establishment

13   (i.e. hospital) to a patient's home or other locale.

14       49.    Dependable Medical Transport Services hired Plaintiff Michael Verastegui as a

15   non-exempt piece rate paid driver from approximately April 7, 2013 through June 15, 2013.

16       50.    Dependable Medical Transport Services paid Plaintiff Michael Verastegui on a

17   per run/delivery basis during his employment.

18       51.    Plaintiff Michael Verastegui was required to work a set schedule, consisting of

19   12-16 hour days.

20       52.    As a driver for Dependable Medical Transport Services, Plaintiff Michael

21   Verastegui would transport patients from one location to another, typically from a medical

22   establishment (i.e. hospital) to a patient's home or other locale.

53.     Dependable Medical Transport Services hired Plaintiff Victor Verastegui as non-exempt piece rate paid driver from approximately March 7, 2013 through January 18, 2014.

54.     Dependable Medical Transport Services paid Plaintiff Victor Verastegui on a per run/delivery basis during his employment.

55.     Plaintiff Victor Verastegui was required to work a set schedule, consisting of 12-16 hour days.

56.     As a driver for Dependable Medical Transport Services, Plaintiff Victor Verastegui would transport patients from one location to another, typically from a medical establishment (i.e. hospital) to a patient's home or other locale.

57.     Dependable Medical Transport Services hired Plaintiff Joseph Valenzuela as a non-exempt piece rate paid driver from approximately February 17, 2013 through January 16, 2014.

58.     Dependable Medical Transport Services paid Plaintiff Joseph Valenzuela on a per run/delivery basis during his employment.

59.     Plaintiff Joseph Valenzuela was required to work a set schedule, consisting of 12-16 hour days.

60.     As a driver for Dependable Medical Transport Services, Plaintiff Joseph Valenzuela would transport patients from one location to another, typically from a medical establishment (i.e. hospital) to a patient's home or other locale.

61.     Plaintiffs were non-exempt employees.

62.     Plaintiffs were not managers.

63.     Plaintiffs did not exercise discretion and independent judgment with respect to

matters of significance.

64.     Plaintiffs' vehicles were not equipped with any meters by which the amount a patient owed to Dependable Medical Transport Services for transportation would be measured, as would be found in a taxi cab.

65.     Plaintiffs were not incentivized to finish their tasks as efficiently as possible as the possibility of acquiring additional tasks that would increase their pay were never readily available.

66.     Plaintiffs had no opportunity to create a sale of additional services to patients.

67.     Plaintiffs' rate of pay was never in any way proportional to the amount Dependable Medical Transport Services charged patients and patients' insurance providers for services.

68.     Plaintiffs who worked in the role of driver were required to pay for gas out of their own pocket while driving Defendants' vehicles and while on the job.

69.     Defendants would subsequently deduct from Plaintiffs' paychecks an amount for gas charges and as such, Plaintiff Drivers were not being paid at least the federally mandated minimum wage.

70.     Defendants failed to properly compensate Plaintiffs for any of their overtime hours.

71.     Plaintiffs were regularly scheduled to work approximately 50-75 hours per week.

72.     Plaintiffs also routinely worked additional shifts.

73.     Upon information and belief, the records concerning the number of hours worked and amounts paid to Plaintiffs are in the possession and custody of the Defendants.

74.    Dependable Medical Transport Services' failure and/or refusal to properly compensate Plaintiffs at the rates and amounts required by the FSLA were/was willful.

75.    Dependable Medical Transport Services refused and/or failed to properly disclose to or apprise Plaintiffs of their rights under the FLSA.

76.    Defendants Richard Ganley and William Gibbs made all personnel decisions, route instructions, pay policies, and were the day to day managers of Dependable Medical Transport Services.

77.    Upon information and belief, Defendants Richard Ganley and William Gibbs ran Dependable Medical Transport Services as their own asset, which created no genuine separate existence from one another.

78.    Since the incorporation of Dependable Medical Transport Services, L.L.C., Defendants Richard Ganley and William Gibbs have been the owners and sole individuals with ownership stake.

79.    Defendants Richard Ganley and William Gibbs make all day to day operating decisions for Dependable Medical Transport Services L.L.C.

80.    Defendants Richard Ganley and William Gibbs supervised the Plaintiffs and all similarly situated employees in their employment responsibilities such as setting schedules and the other basic conditions of employment.

81.    Defendants Richard Ganley and William Gibbs exercised operational control over the day-to-day terms and conditions of employment and were the sole individuals in charge of the pay procedures and practices of Dependable Medical Transport Services.

82.    The unity of interest and ownership between Defendants Richard Ganley,

William Gibbs and Dependable Medical Transport Services, L.L.C.is of such that separate personalities no longer exist.

83.     Plaintiffs have retained the law firm of Phillips Law Group, P.C., to represent them in this litigation and have agreed to pay a reasonable fee for the services rendered in the prosecution of this action on his behalf.

<u>**COUNT ONE**</u>

<u>**VIOLATION OF FAIR LABOR STANDARDS ACT §206**</u>

84.     Plaintiffs incorporate and adopt paragraphs 1 through 83 above as if fully set forth herein.

85.     Pursuant to 29 U.S.C. § 206, Defendants was required to pay Plaintiffs at least the amount of the federal minimum wage, when those wages were due.

86.     Whether through the above-enumerated policies or otherwise, Defendants willfully failed and refused to pay Plaintiffs at least the amount of the federal minimum wage, when those wages were due.

87.     Plaintiffs are entitled to collect the difference between their received wages and the wages due, over the past three years, in an amount to be proved at trial, in addition to liquidated damages in the same amount, together with costs, disbursements and reasonable attorney fees pursuant to 29 U.S.C. §216(b).

88.     Plaintiffs have been required to bring this action to recover federal minimum wages remaining due and unpaid, and statutory liquidated damages.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants:

a. Awarding Plaintiffs compensation in the amount due to them for unpaid minimum wages in an amount proved at trial;

b. Awarding Plaintiffs liquidated damages in an amount equal to the award;

c. Awarding Plaintiffs reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d. For Plaintiffs' costs incurred in this action;

e. Awarding Plaintiffs pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f. Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

g. For such other and further relief as the Court deems just and proper.

**COUNT TWO**
**VIOLATION OF FAIR LABOR STANDARDS ACT §207**

89.     Plaintiffs incorporate and adopt paragraphs 1 through 88 above as if fully set forth herein.

90.     While employed at Defendant Dependable Medical Transport Services, Plaintiffs consistently and regularly worked multiple hours of overtime a week.

91.     Dependable Medical Transport Services has intentionally failed and/or refused to pay Plaintiffs overtime according to the provisions of the FLSA.

92.     Dependable Medical Transport Services further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs in

accordance with § 207 of the FLSA.

93.   As a result of Dependable Medical Transport Services' violations of the FLSA, Plaintiffs have suffered damages by failing to receive compensation in accordance with § 207 of the FLSA.

94.   Under 20 U.S.C. §216 Defendants are liable to Plaintiffs for an amount equal to one and one-half  times their regular pay rate for each hour of overtime worked per week.

95.   In addition to the amount of unpaid wages owed to Plaintiffs are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

96.   Dependable Medical Transport Services' actions in failing to compensate Plaintiffs in violation of the FLSA were willful.

97.   Dependable Medical Transport Services has not made a good faith effort to comply with the FLSA.

98.   Plaintiffs are also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in his favor against Defendants:

      a.   Awarding Plaintiffs overtime compensation in the amount due to him for all of Plaintiffs' time worked in excess of forty (40) hours per work week at an amount equal to one and one-half  times Plaintiffs' regular rate while at work at Defendant Dependable Medical Transport Services;

      b.   Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

c.   Awarding Plaintiffs reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d.   For Plaintiffs' costs incurred in this action;

e.   Awarding Plaintiffs pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f.   Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

g.   For such other and further relief as the Court deems just and proper.

**COUNT THREE**
**ALTER EGO/PIERCING OF CORPORATE VEIL**

99.   Plaintiffs incorporate and adopt paragraphs 1 through 98 as if fully set forth herein.

100.   Plaintiffs are informed and believe, and on the basis of that information and belief allege, that Defendants Richard Ganley and William Gibbs are, and at all times herein mentioned were, the owners of 100% of the shares of stock of Dependable Medical Transport Services, L.L.C. even though Dependable Medical Transport Services, L.L.C is shelled through the use of other corporate entities such as DMTS, L.L.C. and Three Man Transport, L.L.C..

101.   Plaintiffs are informed and believe, and on the basis of that information and belief allege, that Defendants Richard Ganley and William Gibbs are, and at all times herein mentioned were, officers and directors of Dependable Medical Transport Services.

102.    Upon information and belief, Richard Ganley and William Gibbs failed to observe the corporate formalities for Dependable Medical Transport Services as required under Arizona law.

103.    In other words, Richard Ganley and William Gibbs used Dependable Medical Transport Services' corporate status merely as protection against personal liability so that they could engage in activities that maximized their personal gain to the detriment of Dependable Medical Transport Services.

104.    Plaintiffs are informed and believe, and on the basis of that information and belief allege, that there exists, and at all times herein mentioned there existed, a unity of interest in ownership between Defendants Richard Ganley, William Gibbs  and Dependable medical Transport Services, L.L.C.., such that any individuality and separateness between Defendants Richard Ganley, William Gibbs  and Dependable Medical Transport Services have ceased, and Dependable Medical Transport Solutions is, and was, the alter ego of Defendants Richard Ganley and William Gibbs  in that:

   a.  Defendants Richard Ganley and William Gibbs  commingled funds and other assets of Dependable Medical Transport Services and their funds and other assets for their own convenience and to assist in evading payment of obligations;

   b.  Defendants Richard Ganley and William Gibbs  diverted funds and other assets of Dependable Medical Transport Services for other than corporate uses;

   c.  Defendants Richard Ganley and William Gibbs  treated the assets of

Dependable Medical Transport Services as their own;

d.  At all times herein mentioned, Defendants Richard Ganley and William Gibbs  controlled, dominated and operated Dependable Medical Transport Services as their individual business and alter ego, and carried out the activities and business of Dependable Medical Transport Services without the holding of directors or shareholders meetings, without maintaining adequate records or minutes of corporate proceedings, and Defendants Richard Ganley and William Gibbs  entered into personal transactions with Dependable Medical Transport Services;

e.  Defendants Richard Ganley and William Gibbs  failed to adequately capitalize Dependable Medical Transport Services;

f.  Dependable Medical Transport Services is, and at all times herein mentioned was, a mere shell, instrumentality, and conduit through which Defendants Richard Ganley and William Gibbs  carried on their business in the corporate name exactly as they conducted it prior to incorporation, exercising complete control and dominance of such business to such an extent that any individuality or separateness of Dependable Medical Transport Services and Defendants Richard Ganley and William Gibbs do not, and at all times herein mentioned did not, exist;

g.  Defendants Richard Ganley and William Gibbs diverted assets from Dependable Medical Transport Services to themselves to the detriment of creditors, including Plaintiffs.

105.    The Court should therefore pierce the corporate veil and hold Richard Ganley and William Gibbs personally liable for any judgment that may arise from this proceeding.

106.    To recognize Dependable Medical Transport Services' corporate form would promote injustice against Plaintiffs and others. Adherence to the fiction of the separate existence of Dependable Medical Transport Solutions as an entity distinct from Defendants Richard Ganley and William Gibbs would permit an abuse of the corporate privilege and would be inequitable and unfair.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendants:

a.   For an order of the court finding Defendants Richard Ganley and William Gibbs to be the alter ego of Dependable Medical Transport Services, L.L.C.;

b.   For damages in an amount to be proven at trial;

c.   Awarding Plaintiffs reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d.   For Plaintiffs' costs incurred in this action;

e.   Awarding Plaintiffs pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f.   Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

g.   For such other and further relief as the Court deems just and proper.

**COUNT FOUR**
**<u>DECLARATORY JUDGMENT</u>**

107.    Plaintiffs incorporate and adopt paragraphs 1 through 106 above as if fully set forth herein.

108.    Plaintiffs and Defendants have a Fair Labor Standards Act dispute pending.

109.    The Court has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

110.    Plaintiffs may obtain declaratory relief.

111.    Defendants employed Plaintiffs.

112.    Defendants are an enterprise covered by the FLSA.

113.    Plaintiffs were individually covered by the FLSA.

114.    Plaintiffs were drivers were required to pay for their own gas.

115.    Plaintiffs were drivers who had gas charges deducted out of their pay.

116.    Plaintiffs are entitled to overtime wages pursuant to 29 U.S.C. §207.

117.    Defendants did not keep accurate time records pursuant to 29 U.S.C §211(c) and 29 C.F.R. Part 516.

118.    Defendants Richard Ganley and William Gibbs used Dependable Medical Transport Services' corporate status merely as protection against personal liability so that they could engage in activities that maximized their personal gain to the detriment of Dependable Medical Transport Services.

119.    Dependable Medical Transport Services is, and was, the alter ego of Defendants Richard Ganley and William Gibbs.

120.   Plaintiffs are entitled to an equal amount of liquidated damages as Defendant's policy of failing to pay proper overtime compensation remains in effect.

121.   Defendant did not rely on a good faith defense in its failure to abide by the provisions of the FLSA and failure to pay overtime compensation.

122.   It is in the public interest to have these declarations of rights recorded as Plaintiffs' declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

123.   The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in his favor against Defendants:

a.   Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA.

b.   Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that Dependable Medical Transport Services L.L.C. was the alter ego of Defendants Richard Ganley and William Gibbs.

c.   For Plaintiffs' costs incurred in this action.

d.   Awarding Plaintiffs' reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.   For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated:  February 5, 2014                    Respectfully submitted,

                                            **PHILLIPS DAYES LAW GROUP PC**

                                            ____/s/ "Trey" A.R. Dayes III_____
                                            "Trey" A.R. Dayes III
                                            treyd@phillipslaw.com
                                            Attorney for Plaintiffs